UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVANGELINE MATHERNE KNOBLOCK, ET AL.** * | | **CIVIL ACTION** |
| * | | |
| **versus** * | | **No. 11-2935** |
| * | | |
| **OFFSHORE PROCESS SERVICES, ET AL.** * | | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are two Motions, both filed on behalf of Plaintiff Evangeline Matherne Knoblock: a Motion to Rescind Settlement Agreement (R. Doc. 118) and a Motion for a New Trial (R. Doc. 122). The Court heard oral arguments on these Motions on April 17, 2013. The Court has considered counsel's arguments, and has reviewed the parties' submissions and the applicable law, and is now ready to rule.

**I. BACKGROUND**

This case arises out of the death of Nolan Phillip Knoblock, Jr., due to an alleged malfunction in the crane he was using. In their complaint, Plaintiffs, who filed suit individually and on behalf of the decedent, allege that, on October 30, 2010, the decedent, a LOOP maintenance employee, was changing an overhead light bulb in the LOOP Marine Terminal using an overhead crane as a work platform. While he was performing the task, the crane unexpectedly moved forward and pinned him between the crane and a cable tray. After he was released, the decedent was pronounced dead on the scene. Plaintiffs filed suit in the 21st Judicial District Court for the Parish of Tangipahoa against Defendants, alleging that their negligence, specifically their failure to inspect the crane and certify that it was safe for use, caused the decedent's death. Plaintiffs sought damages for medical and burial expenses, loss of services

and support, grief and mental anguish, and the decedent's pain and suffering prior to death.

Liberty Mutual intervened asserting its rights under a worker's compensation insurance policy. Oil States Martec Crane Services, Inc.; Oil States MCS, Inc.; and Oil States Industries, Inc. (collectively the "Oil States defendants" or "Oil States") answered the Complaint in Intervention denying liability and re-asserting affirmative defenses. On September 28, 2012, the Court granted a Motion for Summary Judgment dismissing Donovan Meyer Associates, Inc. from the case.

Plaintiffs and the Oil States defendants negotiated a settlement agreement in September 2012, and perfected the agreement on December 4, 2012. Liberty Mutual then terminated Plaintiff's benefits one week prior to trial on February 25, 2013, asserting that the Plaintiffs executed the settlement without obtaining Liberty Mutual's written approval as required by law.

A jury trial was held in March 2012, and the jury returned a verdict for Defendants. Specifically, the jury found that Nolan Knoblock did not die of natural causes, but that the Defendants were not negligent.

## II. PRESENT MOTIONS

Plaintiff[1] now moves for rescission of the settlement agreement with Oil States and for relief from the order of partial dismissal. (R. Doc. 118). Plaintiff argues that their compromise can be rescinded because of an error of fact, namely that Plaintiff mistakenly believed that Liberty Mutual had approved the compromise as required by the LHWCA. Plaintiff argues that Liberty Mutual took no action, between its October 4, 2012 request for a

---

[1] The Motion is brought on behalf of Evangeline Matherne Knoblock; it appears that her adult sons, who are co-Plaintiffs, did not join in the Motion.

signed copy of the settlement agreement and the December 4, 2012 perfection of the settlement agreement, that would indicate it had not approved the settlement agreement.  Plaintiff further seeks relief from the Court's final judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff argues that she requests these forms of relief not in order to re-litigate her claims against Oil States, but because she hopes to provide Liberty Mutual with an opportunity to approve a new settlement with Oil States, or alternatively to voluntarily dismiss her claims against Oil States so as to maintain the worker's compensation benefits.

Oil States opposes the Plaintiff's Motion. (R. Doc. 125).  Oil States argues that the Plaintiff's Motion does not allege any wrongdoing on Oil States' part, and bases her request for relief entirely in equity.  Oil States further notes that the receipt and release language signed by Plaintiffs is comprehensive as it relates to Plaintiffs' understanding of their obligations towards the worker's compensation provider.

Intervenor Liberty Mutual also opposes the Plaintiff's Motion. (R. Doc. 127).  Liberty Mutual argues that Section 933(g) of the LHWCA requires approval in writing within 30 days of a settlement.  Liberty Mutual further argues that Plaintiffs failed to submit required forms, to include Liberty Mutual in the settlement negotiations, or to make Liberty Mutual a signatory to the settlement agreement.  Liberty Mutual further asserts that, even if the Court were to grant the Plaintiff's requested relief, Liberty Mutual would not approve any settlement with Oil States because it played no role in the negotiations.  Finally, Liberty Mutual argues that Plaintiff's error, if any, is properly characterized as an error of law, because the LHWCA explicitly requires written approval.

Mrs. Knoblock also moves for a new trial. (R. Doc. 122). Plaintiff bases this motion on the fact that the jury was inadvertently given an index of all joint exhibits, which listed and

briefly described some exhibits that the Court had not admitted into evidence. The jury learned through the index of the existence of exhibits that they had not seen during the trial. The index included references to "redacted worker's compensation info" and installation of the remote control by LOOP, which was not represented at trial. Plaintiff argues that this index constitutes prejudicial error. Plaintiff argues that this index caused prejudice because the jury asked to see certain non-admitted exhibits listed in the index and because the jury returned a verdict within 20 minutes of making its inquiry about the non-admitted exhibits. Plaintiff argues that these facts show that the jury considered the descriptions of non-admitted documents in reaching its verdict.

The trial defendants oppose Plaintiff's Motion. (R. Doc. 126). Defendants argue that Plaintiffs have waived any objection to the mention of worker's compensation benefits by failing to object to numerous such references during the trial and in admitted exhibits. Defendants also argue that the mere mention of "worker's compensation," as opposed to mention of the receipt of benefits, cannot constitute prejudicial error. Finally, Defendants argue that the mention that installation of the remote control could be attributed to a third party constitutes mention of an immaterial fact that could not have affected the jury's determination of liability and therefore cannot constitute prejudicial error.

### III. LAW & ANALYSIS

*A. Motion for Rescission of Settlement Agreement*

Under Louisiana Law, "a compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts. Nevertheless, a compromise cannot be rescinded on grounds of error of law or lesion." La. Civ. Code Ann. art. 3082. Although the parties' characterizations of various communications diverge sharply, there appears to be no dispute that Liberty Mutual never consented in writing to the Plaintiffs' compromise with Oil States, nor did

it promise to do so. Plaintiffs have not shown how Liberty Mutual's inaction and unresponsiveness caused Plaintiffs to commit an error of fact as to the existence of written consent. It appears more likely, therefore, that Plaintiffs and their counsel labored under an error of law, namely ignorance or misunderstanding of the requirement of written consent. Accordingly, the Plaintiffs are not entitled to rescind their compromise under Louisiana law, and their Motion must be denied. Furthermore, it is not at all clear from the parties' submissions that rescission of the compromise would in fact serve Plaintiffs' goal of reinstatement of worker's compensation benefits, insofar as Oil States would be unlikely to negotiate a second settlement, and insofar as Liberty Mutual has declared categorically that it would not approve a second settlement.

*B. Motion for a New Trial*

Rule 59 of the Federal Rules of Civil Procedure empowers Courts to order a new trial so as to prevent injustice. The Fifth Circuit has held that a new trial is appropriate "when extrinsic evidence is introduced into the jury room unless there is no reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *United States v. Ruggiero*, 56 F. ed 647, 652 (5th Cir. 1995). Here, the Defendants have carried their burden of showing that the breach was harmless by pointing out the several instances during which the concept of worker's compensation benefits came before the jury without objection. The Court finds that there is no reasonable possibility that the jury's findings as to the lack of liability on the part of the inspection companies were in any way influenced by mentions of an applicable worker's compensation regime, whether included in an admitted exhibit or in the index. Therefore, the Court will deny the Plaintiff's request for a new trial.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Evangeline Matherne Knoblock's Motion to Rescind Settlement Agreement (R. Doc. 118) is hereby **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff Evangeline Matherne Knoblock's Motion for a New Trial (R. Doc. 122) is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE